**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALLEN CAUDLE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 26-4710** |
| | : | |
| **RENTOKIL NORTH AMERICA INC.,** | : | |
| **Defendant.** | : | |

# MEMORANDUM

**MURPHY, J.** **August 5, 2026**

Currently before the court is the amended complaint filed by *pro se* plaintiff Allen Caudle.[1] For the following reasons, we will dismiss the amended complaint and close this case.

[1] Mr. Caudle is a serial filer in the federal courts and has been adjudicated a vexatious litigant. In September 2022, the United States District Court for the Northern District of Alabama issued a permanent, pre-filing injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), against Mr. Caudle after he commenced fifty-six frivolous and non-meritorious cases in that District in less than one year. *See Caudle v. Department of Defense*, Civ. A. No. 22-699 (N.D. Ala.), DI 23 (Order dated Sept. 23, 2022). The injunction was imposed due to the "frequency, intensity, and frivolity" of Mr. Caudle's filings and enjoins him "from serving or filing new actions or other legal documents without pre-service or pre-filing leave of court." *Id.* at 28, 30. Specifically, to file a new action in any federal court, Mr. Caudle must: (1) either pay the full filing fee or file a motion to proceed *in forma pauperis* with an affidavit indicating the most recent denial of a motion to proceed *in forma pauperis*; (2) post a $1,000 bond; (3) file a motion requesting leave to file the action, accompanied by a copy of the injunction, an affidavit attesting to whether the claim has been raised in a prior filing, and a list of all prior lawsuits against the named defendant; and (4) if Mr. Caudle is granted leave to file the complaint, each defendant in the case must be served with a copy of the complaint and the documents specified in the September 23, 2022 order. *See id.* at 33-35. The pre-filing injunction imposed by the United States District Court for the Northern District of Alabama remains in effect. *See, e.g.*, *Caudle v. United States Postal Service*, Civ. A. No. 26-727 (N.D. Ala.), DI 13 (Order dated June 15, 2026, dismissing case filed by "next friend, advocate and POA for Allen Caudle" in United States District Court for Middle District of Georgia that was transferred pursuant to 28 U.S.C. § 1406(a) to Northern District of Alabama because it was in violation of the September 23, 2022 Order). Other district courts have applied the September 23, 2022 injunction to Mr. Caudle's filings. *See, e.g., Caudle, et al., v. The City of Madison, AL, et al.*, Civ. A. No. 26-493 (C.D. Cal.), DI 30 (recommending dismissal of case and application of September 23, 2022 Order) and DI 33 (adopting report and recommendation); *Caudle v. United States of America, et al.*, Civ. A.

## I. PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[2]

Mr. Caudle's initial complaint represented that he lives in Huntsville, Alabama, and was brought against Rentokil North America, Inc. (RNA). DI 2 at 1. Mr. Caudle did not provide an address for RNA in the complaint; however, the summons he attached to the complaint listed an address for RNA in Reading, Pennsylvania. *Id.* at 7. Mr. Caudle asserted that his claims arose "from Defendant's alleged unlawful employment practices, violations of federal labor laws, contract laws, breach of contractual agreements, constitutional protections, and improper maintenance and use of inaccurate records concerning Plaintiff." *Id.* at 1.

In a July 17, 2026 memorandum and order, the court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) because Mr. Caudle had been granted *in forma pauperis* status for this matter. DI 11, 12. As we noted in our screening memorandum, Mr. Caudle failed to describe any events giving rise to his purported claims. DI 11. Accordingly, we explained in detail the pleading standards set forth in the Federal Rules of Civil Procedure as well as federal case law, dismissed the complaint without prejudice for failure to comply with those standards, and granted Mr. Caudle the opportunity to file an amended complaint.[3] *See generally id.*

---

No. 25-5087 (N.D. Ga.), DI 4 (October 2, 2025 Order *sua sponte* dismissing case for failure to comply with September 23, 2022 injunction).

[2] Mr. Caudle recently initiated five cases in the Eastern District of Pennsylvania, including this case. *See Caudle v. Social Security Administration, et al.*, Civ. A. No. 26-4746 (E.D. Pa.); *Caudle v. Brookside Properties Inc.*, Civ. A. No. 26-4751 (E.D. Pa.); *Caudle v. Blue Inc.*, Civ. A. No. 26-4754 (E.D. Pa.); *Caudle v. MBMO Trucking Inc.*, Civ. A. No. 26-4815 (E.D. Pa.). In none of those cases did Mr. Caudle comply with the terms of the September 23, 2022 injunction when submitting his filings to this court.

[3] Due to Mr. Caudle's numerous frivolous and nonsensical motions filed in the Eastern District of Pennsylvania, the privilege of using the court's Electronic Document Submission (EDS) tool was revoked by memorandum and order in *Caudle v. Social Security Administration, et al*. *See* Civ. A. No. 26-4746 (E.D. Pa.), DI 13 at 6 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (stating that courts have inherent power to impose an appropriate sanction for conduct which abuses the judicial process); *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp.*

On July 29, 2026, Mr. Caudle filed the amended complaint that at issue.[4] DI 14. Named as defendants are: the United States Department of Justice; the Attorney General of the United States; the Federal Bureau of Investigation; the Director of the Federal Bureau of Investigation; the United States Citizenship and Immigration Services; the Director of United States Citizenship and Immigration Services; the National Security Agency; the Director of the National Security Agency; the Central Intelligence Agency; the Director of the Central Intelligence Agency; the National Geospatial-Intelligence Agency; the Director of the National Geospatial-Intelligence Agency; the Drug Enforcement Agency; the Administrator of the Drug Enforcement Agency; Rentokil Initial PLC; and Rentikil North America Inc.[5] DI 14 at 1, 3-4. Mr. Caudle alleges that "Defendants, through actions and omissions occurring over an extended period of time, engaged in or failed to correct conduct that adversely affected his employment opportunities, administrative rights, government records, and other legally protected interests."

---

*LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (quotation marks and citation omitted). Thatr prohibition remains in effect.

[4] Mr. Caudle also filed six motions at the same time, (*see* DI 15, 16, 17, 18, 19, 20), some of which were duplicative of motions previously filed in this matter. The motions were denied by order dated July 30, 2026 (DI 22).

[5] Mr. Caudle lists Emma Cordule, his mother, in the caption of the amended complaint, but also states that he "does not presently name Emma Cordule as a Plaintiff, unless the court deems otherwise proper." DI 14 at 1, 3. We have already denied Mr. Caudle's motion to appoint Ms. Cordule as temporary guardian ad litem. *See* DI 19, 22.

We further note that Mr. Caudle now lists an Atlanta, Georgia, address for himself in the amended complaint. DI 14 at 12. But the envelope Mr. Caudle used to submit his most recent filings reflects a Huntsville, Alabama address. *Compare* DI 2 at 10 (listing 3008 Tucker Drive NW, Huntsville, AL 35810) *with* DI 21 at 10 (listing 231 Queensbury Dr. SW, Huntsville, AL 35802). It is Mr. Caudle's responsibility to notify the Clerk of Court within fourteen days of any change of address. *See* Loc. R. Civ. P. 5.1(b). Because Mr. Caudle has provided conflicting information without explicitly notifying the court of a change of address, the court will continue to use the 3008 Tucker Drive NW, Huntsville, Alabama address he provided with his initial filings.

*Id.* at 2. According to Mr. Caudle, "over a period of years," he "sought employment or employment-related opportunities with each Defendant agencies," he was qualified "for certain positions," was "denied employment opportunities," and suffered economic loss as a result. *Id.* at 5. He also alleges that "one or more Defendant agencies maintain records concerning him," that he "submitted requests seeking access to, amendment of, or correction of certain records maintained by defendant agencies," that the requests were denied or ignored, and that "the continued maintenance or use of those records has adversely affected his employment opportunities." *Id.* at 5-6. Mr. Caudle further contends that "certain agency actions" deprived him of due process of the law. *Id.* at 6. He asserts continued economic, professional, reputational, and personal injuries, and seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at 6-12.)

## II. STANDARD OF REVIEW

Because Mr. Caudle has been granted *in forma pauperis* status, 28 U.S.C. § 1915(e)(2)(B) requires the court to screen the amended complaint and dismiss it if it is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* "A complaint plainly abusive of the judicial process is properly typed malicious." *Hurst v. Counselman*, 436 F. App'x 58, 61 (3d Cir. 2011) (*per curiam*) (citation omitted).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). The court construes the allegations of a *pro se* complaint liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).[6]

## III. DISCUSSION

Mr. Caudle's amended complaint suffers from the same deficiencies as the initial complaint. He fails to set forth a plausible basis for any claim.[7] Mr. Caudle invokes the United

---

[6] Additionally, every complaint must comply with Federal Rule of Civil Procedure 8. *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In determining whether a pleading meets Rule 8's "plain" statement requirement, a court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (quotation marks and citation omitted). In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. U.S. of Am. by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (quotation marks and citations omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (citations omitted).

[7] There are numerous other deficiencies in the amended complaint that the court need not address. It bears noting, however, that Mr. Caudle attempts to present claims on behalf of an entity named either "ERA OR AMERICA INC." or "ERA OF AMERICA INC." which he may not do. DI 14 at 4, 12. An individual who is not an attorney may not represent another party in federal court. *See Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."); *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (*per curiam*) ("The federal courts 'have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.'") (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). An artificial entity may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts

States Constitution, the Administrative Procedure Act, and the Privacy Act of 1974, as the bases for his claims, but fails to present factual allegations in support thereof. *See generally* DI 14 at 5-7. Mr. Caudle alleges generally that he was denied employment opportunities, that various defendants maintain records about him, and that he has suffered injury as a result. *Id.* However, Mr. Caudle does not describe any events giving rise to any claims, nor does he provide relevant dates for any alleged action. Instead, he merely pleads in generalized, conclusory terms that various defendants, collectively, caused him harm. The amended complaint simply fails to present any factual allegations from which any claim could reasonably be inferred.

As previously explained to Mr. Caudle in the July 17 Memorandum, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original, quoting *Twombly,* 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the *Iqbal* and Rule 8 pleading standard. *See id.* (citing *Twombly*, 550 U.S. at 555). "[T]he clearest indication that an allegation is conclusory and unworthy of weight in analyzing the sufficiency of a complaint is that it embodies a legal point." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

---

only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted). Also, an artificial entity may not proceed *in forma pauperis* in federal court. *See id.* at 196 ("[O]nly a natural person may qualify for treatment *in forma pauperis* under [28 U.S.C.] § 1915.").

Thus, when reviewing a complaint to determine whether a plaintiff has alleged a plausible claim, a court must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)); *see also Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (stating that a court will "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements" (citation omitted)). As was the case with the initial complaint, Mr. Caudle's amended complaint is replete with legal assertions, which the court need not accept, and contains a dearth of factual allegations. *See Def. Distributed v. Att'y Gen. of N.J.*, 167 F.4th 65, 85 (3d Cir. 2026) ("Setting aside . . . [the] conclusory allegations, . . . [the] complaint is left with nothing sufficient to assess whether there is a plausible entitlement to relief."). Further, no defendant could reasonably be expected to respond to the amended complaint. *See Garrett*, 938 F.3d at 93. Accordingly, the amended complaint will be dismissed. *See Kerr v. County of Allegheny*, No. 25-1775, 2026 WL 1068204, at *3 (3d Cir. Apr. 20, 2026) (affirming dismissal of discrimination claims where "there were no factual allegations for the District Court to construe in [plaintiff's] favor, only conclusory allegations which it need not accept" (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)); *Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss the amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. As Mr. Caudle has already been given an opportunity to cure the defects in his claims and has been unable to do so, the court concludes that further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (citation omitted)). **Additionally, the court reiterates its prior warning to Mr. Caudle that if he submits frivolous, meritless, or repetitive filings or lawsuits in this District, he may be subject to sanctions, including a prefiling injunction.** An appropriate order follows dismissing this case. *See* Fed. R. Civ. P. 58(a).